**⬭ORIGINAL**

Salvatore G. Gangemi (SG 6769)
GANGEMI LAW FIRM, P.C.
82 Wall Street, Suite 300
New York, New York 10005
Tel:    212-425-0630
Fax:    212-425-0635
Attorneys for Plaintiff

**08 CIV. 6191**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JUDGE KARAS**

----------------------------------------------------------------x
:
**THERESE VONSTEENBURG,**                           :    08 Civ. _____
:
                          **Plaintiff,**            :
:
                    v.                              :    **COMPLAINT**
:    **AND JURY TRIAL DEMAND**
:
**NYACK BOARD OF EDUCATION; NYACK**                 :
**UNION FREE SCHOOL DISTRICT;  BRYAN**              :
**BURRELL, Individually and in his Official**        :
**Capacity; CLAUDETTE CLARKE, Individually**         :
**and in her Official Capacity; AMY APPLEBAUM,**     :
**Individually and in her Official Capacity; VIC**   :
**CZAJKOWSKI, Individually and in his Official**     :
**Capacity; FLETCHER JOHNSON, Individually**         :
**and is his Official Capacity; MICHAEL LAGANA,**    :
**Individually and in his Official Capacity;**       :
**MICHAEL MARK, Individually and in his Official**   :
**Capacity; VALENCIA F. DOUGLAS, Individually**      :
**and in her Official Capacity; WINSOME**            :
**GREGORY, Individually and in her Official**        :
**Capacity; and TERRY CUDDY, Individually and in**   :
**her Official Capacity,**                           :
:
                          **Defendants.**           :
:
----------------------------------------------------------------x

        Plaintiff, Therese VonSteenburg, as and for her Complaint and Jury Trial Demand, by her

attorneys, Gangemi Law Firm, P.C. alleges as follows:

## NATURE OF ACTION

1.    This is an action to remedy violations of the rights of Plaintiff arising under The Civil Rights Act of 1871, *as amended*, 42 U.S.C. §§ 1983, 1985 and 1986, in violation of her rights under the Fourteenth Amendment to the United States Constitution; and The New York State Human Rights Law, McKinney's Executive Law §§ 290, *et seq.*

2.    Plaintiff seeks relief pursuant to the aforementioned statutes, which prohibit, *inter alia*, gender and pregnancy discrimination.

## JURISDICTION AND VENUE

3.    This action arises under the laws of the United States.  Jurisdiction is vested in this court pursuant to 28 U.S.C. §§ 1331, 1343(4), 42 U.S.C. § 2000e-5(f)(3), conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief.

4.    The Court's supplemental jurisdiction of claims arising under the laws of New York State is invoked under 28 U.S.C. § 1367.

5.    Venue herein is proper under 28 U.S.C. § 1391(b), 42 U.S.C. § 2000e-5(f)(3), as the acts complained of occurred within the Southern District of New York, and that is also the location in which employment records are maintained and administered.

## PARTIES

6.    Plaintiff is a female who resides in the State of New York, Putnam County.

7.    At all times material hereto, Plaintiff was a "citizen" or "person" within the meaning of 42 U.S.C. §§ 1983, 1985 and 1986.

8.    At all times material hereto, Plaintiff was an "individual" within the meaning of the NYSHRL.

9.    Defendants Nyack Board of Education ("NBOE") and Nyack Union Free School

- 2 -

District ("NUFSD") operate the public school system for Central Nyack, Nyack, South Nyack, Upper Grandview, Upper Nyack and Valley Cottage, all of which are villages or hamlets in Rockland County, New York.

10.    Among other things, the responsibilities of the NBOE include representing community views, establishing NUFSD policy, selection of a Superintendant of Schools; setting NUFSD goals and objectives; approving all staff appointments; recommending and adopting an annual budget; and approving all contracts and bids (hereinafter "NBOE Responsibilities").

11.    At all times material hereto, Defendant Bryan Burrell was president of NBOE, and was acting within the scope of his appointment and for the benefit of NBOE and NUFSD and as the agent of NBOE and under the color of state law. Defendant Burrell's duties included fulfilling the NBOE Responsibilities.

12.    At all times material hereto, Defendant Claudette Clark was vice president of NBOE and was acting within the scope of her appointment and for the benefit of NBOE and NUFSD and as the agent of NBOE and under the color of state law. Defendant Clark's duties included fulfilling the NBOE Responsibilities.

13.    At all times material hereto, Defendant Amy Applebaum was secretary of NBOE and was acting within the scope of her appointment and for the benefit of NBOE and NUFSD and as the agent of NBOE and under the color of state law. Defendant Applebaum's duties included fulfilling the NBOE Responsibilities.

14.    At all times material hereto, Defendant Vic Czajkowski was a trustee and member of NBOE, and was acting within the scope of his appointment and for the benefit of NBOE and NUFSD as the agent of NBOE and under the color of state law. Defendant Czajkowski's

- 3 -

duties included fulfilling the NBOE Responsibilities.

15.     At all times material hereto, Defendant Fletcher Johnson was a trustee and member of NBOE, and was acting within the scope of his appointment and for the benefit of NBOE and NUFSD and as the agent of NBOE and under the color of state law. Defendant Johnson's duties included fulfilling the NBOE Responsibilities.

16.     At all times material hereto, Defendant Michael Lagana was a trustee and member of NBOE, and was acting within the scope of his appointment and for the benefit of NBOE and NUFSD and as the agent of NBOE and under the color of state law. Defendant Lagana's duties included fulfilling the NBOE Responsibilities.

17.     At all times material hereto, Defendant Michael Mark was a trustee and member of NBOE, and was acting within the scope of his appointment and for the benefit of NBOE and NUFSD and as the agent of NBOE and under the color of state law. Defendant Mark's duties included fulfilling the NBOE Responsibilities.

18.     At all times material hereto, Defendant Valencia F. Douglas was the Superintendant of Schools, and was acting within the scope of her employment and for the benefit of NUFSD and as the agent of NUFSD and under the color of state law. Defendant Douglas's duties included the administration of the NUFSD.

19.     At all times material hereto, Defendant Winsome Gregory was the Assistant Superintendant Pupil Personnel Services & Professional Developments, and was acting within the scope of her employment and for the benefit of NUFSD and as the agent of NUFSD and under the color of state law. Defendant Gregory's duties included the administration of the NUFSD.

20.     At all time material hereto, Defendant Terry Cuddy, was the English Language Arts Department chairperson at Nyack Middle School, and was acting within the scope of her employment and for the benefit of the NUFSD and as the agent of NUFSD and under the color of state law.  Defendant Cuddy's duties included the administration of the NUFSD, and specifically, the Nyack Middle School's English Language Arts Department.

## FACTS

21.     Plaintiff was hired and contracted to work for the 2006-07 school year at Nyack Middle School in a leave replacement position as an English Language Arts ("ELA") Grade 8 teacher. The hiring committee included Robert Klie and Defendant Terry Cuddy, who respectively served as assistant principal and ELA Department chairperson at Nyack Middle School.

22.     Throughout the 2006-07 school year, Plaintiff received nothing but praise, both verbally and in writing, from Klie and Defendant Cuddy concerning her skills and abilities. Indeed, Plaintiff was formally observed on three separate occasions.  She received an "Advanced" rating on all three observations.  In addition to her work in the classroom, Plaintiff was recognized for having coached the girls' basketball team.

23.     In or about April 2007, Plaintiff informed Klie, Defendants Cuddy and Winsome Gregory, Assistant Superintendent Pupil Personnel Services and Professional Personnel, that she was pregnant.

24.     In or about May, 2007, Plaintiff received a tentative placement as an ELA teacher for Grade 8 in the Nyack Middle School for the 2007-08 school year.  Ultimately, Defendant Cuddy told Plaintiff that the position would become a tenured position and that Plaintiff could

- 5 -

interview for it on or about June 6, 2007. Subsequently, Plaintiff interviewed for the position and was led to believe that in light of her performance during the prior school year, she would ultimately be granted the position.

      25.    Approximately one week after the interview, Plaintiff contacted Defendant Cuddy to determine what conclusions had been reached regarding her appointment to the teaching position. Defendant Cuddy informed Plaintiff that she could not make the ultimate decision, but that it would be up to Defendant Gregory. Nevertheless, Defendant Cuddy told Plaintiff that she had "nothing to worry about."

      26.    When Plaintiff did not hear from Defendant Gregory just prior to the end of the 2006-07 school year, she again contacted Defendant Cuddy, who advised her to contact Defendant Gregory directly.

      27.    Plaintiff attempted to contact Defendant Gregory, but was informed by her secretary that Plaintiff could not make an appointment with Defendant Gregory until she was formally offered the position.

      28.    On or about June 18, 2007, Plaintiff met with Klie and inquired about the status of her application for the tenure position. With Plaintiff present in his office, Klie contacted Defendant Cuddy to obtain information in response to Plaintiff's inquiry. After speaking with Defendant Cuddy, Klie told Plaintiff, *inter alia*, that there might be some problems with Plaintiff's appointment to the position despite that she was a "terrific" teacher and had done an "excellent" job. According to Klie, the problems stemmed from the fact that Plaintiff was pregnant, but that a final decision concerning Plaintiff's application had not yet been made. Plaintiff was concerned about the possibility that there were issues concerning her appointment

- 6 -

and began to cry.

29.    Upon information and belief, Defendants appointed a non-pregnant female for the position at issue on or about July 10, 2007.

30.    In or about late July 2007, Klie informed Plaintiff that she would not be appointed to the position, but that a position might be available for the 2008-09 school year for which Plaintiff could later apply.

31.    Upon information and belief, the successful candidate for the position at issue was lesser qualified, and had not previously taught English Language Arts at the middle school level.

32.    Plaintiff was not given a legitimate non-discriminatory reason for Defendants' decision to reject her for the position at issue.

## PROCEDURAL REQUIREMENTS

33.    Plaintiff has satisfied all administrative filing requirements under the NYSHRL and the New York State Education Law.

34.    On or about January 15, 2008, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). Upon her receipt of a Notice of Right to Sue from the EEOC, Plaintiff shall file an amended complaint alleging violations of Title VII.

## FIRST CLAIM FOR RELIEF

35.    Plaintiff incorporates by reference all of the preceding paragraphs. This claim is pled against all Defendants and each of them.

36.    Throughout the events recited herein, Defendants, while acting under the color of law, subjected plaintiff to the deprivation of rights, privileges and immunities secured by the

- 7 -

Constitution and laws of the United States and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution.

37.     Defendants' wrongful conduct was based upon Plaintiff's gender and her pregnancy.

38.     Defendants' acts were performed with malice, and with callous and reckless indifference to plaintiff's protected civil rights.

39.     As a result of the foregoing, plaintiff is entitled to damages pursuant to 42 U.S.C. §§ 1983, 1985 and 1986.

40.     As a proximate result of defendants' acts, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

41.     As a proximate result of defendants' acts, plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, and other fringe benefits.

## SECOND CLAIM FOR RELIEF

42.     Plaintiff incorporates by reference all of the preceding paragraphs.  This claim is pled against all Defendants and each of them.

43.     Defendants intentionally discriminated against plaintiff on account of her gender and pregnancy in violation of NYSHRL, by failing to appoint her and by terminating her from the position at issue.

44.     As a proximate result of defendants' acts of unlawful discrimination, plaintiff suffered emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

- 8 -

45.    As a proximate result of defendants' acts of unlawful discrimination, plaintiff has suffered and continues to suffer substantial losses incurred in loss of past and future earnings, and other fringe benefits.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment:

(a)    against all Defendants and each of them under the First Claim For Relief,

(1) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct; and

(2) awarding Plaintiff back pay, prejudgment interest, reinstatement, front pay, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendants;

(3) awarding Plaintiff compensatory damages;

(4) awarding Plaintiff punitive damages to the fullest extent permitted by law;

(5) awarding Plaintiff reasonable attorneys' fees and costs incurred in this action; and

(6) awarding Plaintiff any other relief this Court deems to be just, equitable and proper.

(b)    against all Defendants and each of them under the Second Claim For Relief,

(1) preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct; and

(2) awarding plaintiff back pay, prejudgment interest, reinstatement, front pay, and damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendants;

- 9 -

(3) awarding Plaintiff compensatory damages; and

(4) awarding Plaintiff any other relief this Court deems to be just, equitable and proper.

## JURY DEMAND

Plaintiff demands a jury on all claims properly triable by a jury.

Dated: New York, New York
      July 8, 2008

Respectfully submitted,

**GANGEMI LAW FIRM, P.C.**

By: _Salvat M. L_

Salvatore G. Gangemi (SG-6769)

Attorneys for Plaintiff Therese VonSteenburgh

82 Wall Street, Suite 300
New York, New York 10005
(212) 425-0630

- 10 -